# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WAYNE FLUDD, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No.: 1:15-CV-01563** |
| v. | ) | |
| | ) | **Civil Rights Complaint**, |
| COREY D. MITCHELL, | ) | **42 U.S.C. § 1983** |
| TIFFANY SMITH, | ) | |
| SARA ASBURY BACA, | ) | |
| SHERI DYER, | ) | |
| CHARLES T. MASSARONE, and | ) | |
| J. DOE(S) EMPLOYEES of the | ) | **JURY TRIAL DEMANDED** |
| United States Parole Commission | ) | |
| in their Individual and Official | ) | |
| Capacities, | ) | |
| *Defendants.* | | |

**Serve:**

> Civil Process Clerk
> Office of the United States Attorney for the
> District of Columbia
> 555 Fourth Street, NW
> Washington, DC 20530,
>
> Loretta Lynch
> Attorney General of the United States
> 950 Pennsylvania Ave, NW
> Washington, DC 20530

---

## NATURE OF ACTION

1.      This Complaint is brought under 42 U.S.C. § 1983, by Plaintiff Wayne

Fludd, by and through counsel, for violations of the Due Process of Clause of the Fifth

Amendment to the United States Constitution and the regulations set forth by 28 C.F.R.

Chap. 2 Subpart C, which apply specifically to D.C. Code Offenders, and other available

causes of action.  Plaintiff seeks compensatory and punitive damages, and declaratory

relief under 42 U.S.C. § 1983 as well as reasonable attorney's fees allowed under 42 U.S.C. § 1988.

2.      Defendants, acting under the color of the laws of the District of Columbia, and subject to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 105-33, §§ 11000-11723, 111 Stat. 712-87 (1997) ("Revitalization Act"), which obligates the United States Parole Commission to apply District of Columbia laws to D.C. Code Offenders, did deprive Plaintiff of his right to receive a timely and legally sufficient probable cause hearing, revocation hearing, and revocation decision.

## JURISDICTION AND VENUE

3.      Jurisdiction over Plaintiff's claims is vested in this Court by 28 U.S.C. §§ 1331 and 1343 (a) and (b).

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2), on the grounds that Plaintiff is a resident of the District of Columbia and all of the conduct at issue took place in the District of Columbia.

## PARTIES

5.      Plaintiff Wayne Fludd ("Fludd") is a United States citizen and a thirty-four year old resident of the District of Columbia.  Fludd is a D.C. Code Offender currently in the custody of the Bureau of Prisons ("BOP"), at the federal correctional institution in Cumberland, Maryland.  Fludd has not been convicted of a new offense and is detained subject only to the parole warrant.

6.      Defendant Corey D. Mitchell ("Defendant Mitchell") is a Case Analyst with the United States Parole Commission ("Commission").  Defendant Mitchell

authored Fludd's memorandum and warrant application and recommended that the Commission issue a parole warrant.

7.     Defendant Tiffany Smith ("Defendant Smith") is an employee of the Commission and is the individual who responded to Fludd's July 23, 2015, inquiry regarding the delay of his probable cause hearing.

8.     Defendant Sara Asbury Baca ("Defendant Asbury Baca") is an employee of the Commission and the hearing examiner who presided over Fludd's probable cause hearing.

9.     Defendant Sheri Dyer ("Defendant Dyer") is a Community Supervision Officer with the Court Services and Offender Supervision Agency of the District of Columbia ("CSOSA"), the federal agency tasked with supervising D.C. Code Offenders on parole and probation.  Defendant Dyer is Fludd's assigned supervising officer.  She prepared the violation report that precipitated the issuance of the Commission's parole warrant.

10.     Defendant Charles T. Massarone ("Defendant Massarone") is the Commissioner of the U.S. Parole Commission who signed Fludd's parole warrant on May 14, 2015.

11.     Defendant J. Doe, an employee of the Commission, presided over Fludd's August 19, 2015, revocation hearing.  In addition, there are employees of the Commission (collectively "J. Doe(s)"), whose names and roles are unknown at this time, that participated both directly and indirectly in the events described in the allegations herein.

12.     At all times relevant, the Defendants acted under the color of District of Columbia law and subject to the Revitalization Act.

## FACTUAL ALLEGATIONS

13.      Fludd began serving a term of supervised release on January 14, 2014.

14.     On November 11, 2014, Fludd was arrested in Prince George's County Maryland. The initial hearing was scheduled for May 21, 2015 in the District Court for Prince George's County, Maryland.

15.     Defendant Mitchell issued a parole warrant, signed by Defendant Massarone, for Fludd's arrest on May 14, 2015.  A memorandum, warrant application and parole warrant were forwarded to the U.S. Marshal for the District of Maryland in Baltimore and a carbon copy was sent to the U.S. Probation Office in Greenbelt, Maryland.  A true and accurate copy of the memorandum, warrant application, and parole warrant is attached hereto as, Exhibit A, and incorporated herein by reference.

16.     The charges underlying the parole warrant and set out in the warrant application are based on the violation report prepared by Defendant Dyer dated March 4, 2015.

17.     The memorandum attached to the warrant application and warrant directed the arresting officer, upon executing the warrant, to advise the Commission and the Community Supervision Officer that "the subject is in custody (noting the place of confinement and the date the warrant was executed)."  The signature page of the memorandum stated plainly that a "Probable Cause Hearing is Required."  *See* Exhibit A at 2.

18.     On June 4, 2015, Fludd presented himself to the U.S. Marshall's Office for the District of Maryland in Greenbelt.

19.     The U.S. Marshals arrested Fludd, thereby executing the parole warrant, on June 4, 2015.  Fludd was promptly committed to the District of Columbia Central Detention Facility ("CDF").

20.     On July 23, 2015, Sharonda Johnson ("Ms. Johnson"), Fludd's partner and the mother of his two infant children, called (202) 346-7000, the telephone number listed on the Commission's website, on his behalf.  Ms. Johnson left a voicemail message explaining that Fludd was being held at CDF pursuant to the parole warrant and had not received a probable cause hearing.  Ms. Johnson sent an email reiterating the same information to the case services unit at uspc.urgent@usdoj.gov.

21.     On July 23, 2015, Defendant Smith responded by telephone to Ms. Johnson's voicemail message and informed her that Fludd's probable cause hearing would be scheduled for the week of July 27, 2015.

22.     Fludd's probable cause hearing was held on July 28, 2015, fifty-five days after the U.S. Marshals executed the parole warrant and he was taken into custody.

23.     Defendant Asbury Baca presided over Fludd's probable cause hearing.  At this hearing, Fludd was not permitted to present mitigating evidence.  Defendant Asbury Baca found that there was probable cause to believe that Fludd violated a condition of his release and recommended that he be detained pending a revocation hearing.

24.     On or about August 10, 2015, Fludd received notice that his revocation hearing was scheduled for August 17, 2015.  Subsequently the Commission, for reasons

unknown and not conveyed to Fludd, postponed the date of the revocation hearing to August 19, 2015.

25.     Fludd's revocation hearing was held on August 19, 2015, seventy-seven days after the U.S. Marshals executed the parole warrant and he was taken into custody. Prior to this hearing, Fludd was not permitted to review the evidence that the Commission relied on in making its revocation decision.

26.     At the revocation hearing, Fludd raised his concerns regarding the length of time he had been incarcerated prior to the revocation hearing.  The unknown hearing examiner stated that the delayed probable cause and revocation hearings did not cause harm to Fludd.

27.     On September 14, 2015, Fludd was released from CDF into the custody of the U.S. Marshals.  Fludd is currently in the custody of the BOP at its correctional facility in Cumberland, Maryland.

28.     Fludd has two children with Ms. Johnson, Khalief, age five months and Khalise, age one.  In January 2015, Fludd, Ms. Johnson, and their children moved into a one-bedroom apartment in the District of Columbia, which they rented for $880.00 per month, not including utilities.  Fludd paid the rent each month and was also responsible for the utilities, which averaged approximately $450.00 per month, and the cable/internet bill, which was approximately $200.00 per month.  The family relied on Fludd's income to cover all living expenses.

29.      After Fludd was taken into custody, Ms. Johnson was able to use savings to pay rent for the month of June however, in July she did not have enough money to pay rent and as a result she and her infant children were evicted.  Ms. Johnson, Khalief and

Khalise currently reside with her mother, niece and nephew in a small one-bedroom apartment.

30.     After the eviction, Ms. Johnson rented a storage unit for $250.00 per month, to store all of the family's furniture and belongings. Ms. Johnson was also forced to cancel Fludd's cable and internet subscription resulting in a $700.00 early termination fee.

31.     Prior to Fludd's incarceration, Ms. Johnson worked a few hours each week as a hair stylist, earning about $1,000.00 per month.  So as not to incur costly childcare expenses, she scheduled appointments at times when she knew Fludd was available to stay with the children.  Ms. Johnson's monthly income, though insubstantial, provided a safety net for the family.

32.     Since June 4, 2015, Ms. Johnson has managed to work only a few hours each month because she no longer has the benefit of a partner who is able to provide free and flexible childcare.  Thus, even though she would like to find full-time employment and generate enough income to pay for childcare, she cannot be away from both children for eight consecutive hours.

33.     Fludd has not seen either of his young children since he was taken into custody on June 4, 2015.  Though CDF has a video visitation facility near its campus, Ms. Johnson does not have transportation to the facility from her mother's home in Maryland.

34.      Fludd and Ms. Johnson believe it is important that their children maintain contact with their father while he is incarcerated.  Since June 4, 2015, Ms. Johnson has spent about $40.00 each week, nearly all of the extra income she has, to load money onto the inmate phone system so that Fludd is able to have daily contact with his children.

35.     Fludd has been apart from his infant children since June 4, 2015 – well over one hundred days.  He missed Khalise's first steps and Khalief's first smile. Because of Fludd's absence, his family was evicted from their home and is struggling to make ends meet.  Knowing this has affected Fludd emotionally and, since being incarcerated he has experienced depression and anxiety for which he sought a mental health evaluation while incarcerated at CDF.  Since August 25, 2015, Fludd's counsel has made three requests for the disclosure of his mental health records from the D.C. Department of Corrections' FOIA officer and has not been provided with a copy of these records.

## CLAIM I

### Violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, under 42 U.S.C. § 1983, and Violation of 28 C.F.R. § 2.101 (a)

36.     Fludd re-alleges Paragraphs 12 through 35 and incorporates them herein by reference.

37.     Fludd was entitled to a probable cause hearing no later than five days following the execution of the June 4, 2015 warrant under 28 C.F.R. § 2.101 (a), which states that a parolee "shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking."  Fludd's probable cause hearing was not scheduled until July 28, 2015, fifty-five days after the execution of the parole warrant.

38.     Defendants violated Fludd's Fifth Amendment due process rights by failing to provide him with a timely probable cause hearing within the meaning of 28 C.F.R. § 2.101 (a).

39.     Defendants acted with reckless disregard for Fludd's rights by subjecting him to an undue and unreasonable fifty-five day period of incarceration without proper process.

40.     As a direct and proximate result of Defendants' actions, Fludd was deprived of his clearly established constitutional rights and suffered severe and substantial damages.

## CLAIM II

### Violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, under 42 U.S.C. § 1983, and Violation of 28 C.F.R. § 2.102 (f)

41.     Fludd re-alleges Paragraphs 12 through 40 and incorporates them herein by reference.

42.     Fludd was entitled to receive a local revocation hearing no later than sixty-five days following the execution of the June 4, 2015 warrant under 28 C.F.R. § 2.102 (f), which states that "a local revocation hearing shall be held no later than sixty-five days from the retaking of the parolee on the parole violation warrant." Fludd's revocation hearing was not scheduled until August 17, 2015, and, subsequently postponed by the Commission without cause until August 19, 2015, seventy-seven days after the execution of the parole warrant.

43.     Defendants violated Fludd's Fifth Amendment due process rights by failing to provide Fludd a timely revocation hearing within the meaning of 28 C.F.R. § 2.102 (f).

44.     Defendants acted with reckless disregard for Fludd's rights by subjecting him to an undue and unreasonable seventy-seven day period of incarceration without proper process.

45.     As a direct and proximate result of Defendants' actions, Fludd was deprived of his clearly established constitutional rights and suffered severe and substantial damages.

## CLAIM III

### Violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, under 42 U.S.C. § 1983, and Violation of 28 C.F.R. § 2.105 (c)

46.     Fludd re-alleges Paragraphs 12 through 45 and incorporates them herein by reference.

47.     Fludd was entitled to receive a final decision from the Commission after his local revocation hearing no later than eighty-six days following the execution of the June 4, 2015 warrant under 28 C.F.R. § 2.105 (c), which states "the final decision following a local revocation hearing shall be issued within eighty-six days of the retaking of the parolee on the parole violation warrant."

48.     Defendants violated Fludd's Fifth Amendment due process rights, with reckless disregard, by failing to provide Fludd a timely final decision regarding revocation within the meaning of 28 C.F.R. § 2.105 (c).

49.     As a direct and proximate result of defendants' actions, Fludd was deprived of his clearly established constitutional rights and suffered severe and substantial damages.

## CLAIM IV

### Violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, under 42 U.S.C. § 1983, and Violation of 28 C.F.R. §§ 2.101 (c), 2.103 (d)

50.     Fludd re-alleges Paragraphs 12 through 49 and incorporates them herein by reference.

51.     Fludd was entitled to present witnesses and documentary evidence on his behalf that would mitigate the violations charged against him.  Under 28 C.F.R. § 2.101 (c), at a probable cause hearing, "[t]he examiner shall ascertain whether the parolee admits or denies each charge listed on the warrant application…and shall offer the parolee the opportunity to rebut or explain the allegations contained in the evidence giving rise to each charge."

52.     Prior to his revocation hearing, Fludd was entitled to receive all evidence upon which, "the Commission intend[ed] to rely in determining whether the charged violation or violations, if sustained, would warrant revocation of parole," under 28 C.F.R. § 2.103 (d).

53.     Defendants violated Fludd's Fifth Amendment due process rights, with reckless disregard, by failing to provide him a meaningful opportunity to present evidence on his behalf at his probable cause hearing; and Defendants failed to disclose evidence of Fludd's charged parole violations within the meaning of 28 C.F.R. §§ 2.101 (c) and 2.103 (d), respectively.

54.     As a direct and proximate result of defendants' actions, Fludd was deprived of his clearly established constitutional rights and suffered severe and substantial damages.

## **PRAYER FOR RELIEF**

55.     WHEREFORE, Fludd respectfully requests that this Court enter a judgment against Defendants and award him the following relief:

A.     Appropriate compensatory damages for Fludd's pain and suffering in an amount to be determined at trial;

B.      Appropriate punitive damages that will prevent future violations of a D.C. Code Offender Fifth Amendment due process rights as codified by 28 C.F.R. § 2.70, *et seq*.;

C.      Declaratory relief as to the untimely and legally insufficient process afforded to Fludd, in violation of 28 C.F.R. 2.70, *et seq*.;

D.      An award of reasonable attorneys' fees and costs expended on Fludd's behalf, as allowed under 42 U.S.C. § 1988; and

E.      Such other and further relief as this Court may deem just and proper.


Dated: September 24, 2015                              Respectfully Submitted,


                                        /s/ *Meredith L. Kinner*
                                        Meredith L. Kinner #1024953
                                        Kinner & McGowan, PLLC
                                        230 Rhode Island Ave., NE Suite 504
                                        Washington, DC 20002

                                        *Attorney for Plaintiff Wayne Fludd*